**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ALYSSA SAMPLE,<br><br>Plaintiff,<br>v.<br><br>ACCOUNT RESOLUTION CORPORATION, a Missouri Corporation,<br><br>Defendant. | Case No. 1:26-cv-137<br><br>**PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |

COMES NOW, Plaintiff, ALYSSA SAMPLE, by and through her counsel, ROBERT W. MITCHELL, and complains against the Defendant as follows:

## I. STATEMENT OF THE CASE

As a member of the United States Military, Plaintiff, ALYSSA SAMPLE (hereinafter "Plaintiff" or "Ms. Sample") has a duty to self-report adverse debt collection and credit reporting that could impact her ability to meet security clearance requirements. *See* Defense Counterintelligence and Security Agency guidelines, stating in pertinent part:

> **By law, security clearance holders are required to self-report *all life events* – *incidents that could impact your ability to meet security clearance requirements*. Self-reporting is mandatory, and it's always better to be honest and forthright. Even if you do not have a clearance, your agency may still require you to report to your security office on certain changes and information about yourself…**[1]

[1] Found at: www.dcsa.mil/mc/pv/mbi/self_reporting. (Emphasis added).


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

As such, adverse credit reporting can significantly impact Plaintiff's career.

Defendant is a collection agency with absolute knowledge that Ms. Sample is a member of the United States Military. Defendant is aware of the damage Defendant can inflict upon Ms. Sample's future by using her credit report as a collection tool. Despite this knowledge, Defendant is credit reporting two emergency medical debts on Plaintiff's credit reports. Defendant absolutely knows that Defendant is legally prohibited from collecting these acocunts. Yet, Defendant has injured and damaged the credit report, reputation, character, and future of a young servicemember in attempt to extort payment for a debt she could not possibly owe. *See Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) ("**The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver**."). (Emphasis added). *See also Cass*, FTC Informal Staff letter (Dec. 23, 1997) ("[t]he reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls.").

## II. PARTIES

2.1 Plaintiff, ALYSSA SAMPLE (hereinafter "Plaintiff" or "Ms. Sample") is a resident of Madison County, Missouri.

2.2 In 2023, Plaintiff obtained emergency medical services from Madison Medical Center, which she used primarily for personal, family, and household purposes.

2.3 Defendants allege that Plaintiff defaulted on the accounts by failing to make timely payments.



Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

2.4 Plaintiff is therefore a "consumer" as defined by the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692(a)(3).

2.5 Defendant, ACCOUNT RESOLUTION CORPORATION (hereinafter "Defendant"), is a Missouri Corporation, a collection agency, and a debt collector that regularly engages in the business of collecting defaulted accounts that were originally owed to others.

2.6 The principal purpose of Defendant's business is the collection of defaulted debts originally owed to others.

2.7 Defendant conducts business in Missouri, pursuant to Missouri Charter No. 00519973.

2.8 Defendant is a "debt collector" as defined by the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692(a)(5).

2.9 Defendant acted as a "debt collector" a at all times relevant to this complaint.

2.10 Plaintiff acted as a "consumer" at all times relevant to this complaint.

2.11 Defendant attempted to collect the defaulted, third-party consumer "debts" at the heart of this case from Plaintiff.

## III. JURISDICTION AND VENUE

3.1 Jurisdiction and Venue in the United States District Court for the Eastern District of Missouri are appropriate where this dispute involves predominant issues of federal law, and where Defendant is located in this district, and where some of the acts at issue and described herein occurred in this district, and where the injury to Plaintiff is related to actions that occurred in this district, and where Defendant engages in substantial business contacts in this district, and


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; 28 U.S.C. § 1391(b); and 28 U.S.C. § 1331.

3.2 Defendant is liable unto Plaintiff, pursuant to the provisions of the Fair Debt Collection Practices Act (15 U.S.C. §1692 et. seq.), as well as other applicable federal and state laws. Plaintiff's state law claims may be brought under the Supplemental Jurisdiction of this Court. *See* 28 U.S.C. § 1367 et seq.

## IV. FACTS

4.1 Plaintiff, ALYSSA SAMPLE (hereinafter "Plaintiff" or "Ms. Sample") is a member of the United States Military.

4.2 In October of 2023, Plaintiff received emergency medical care from Madison Medical Center.

4.3 The medical services Ms. Sample received were intended for personal, family, and household purposes.

4.4 At the time she received the emergency medical services, Ms. Sample was covered by TRICARE and Missouri State MEDICAID.

4.5 It is patently obvious from even the most cursory review of the medical bills and billing records that Madison Medical Center sent bills to TRICARE and Missouri State MEDICAID.

4.6 Those billing records also demonstrate that the reason certain charges were rejected was because Madison Medical Center attempted to defraud those state and federal health



Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

insurance programs: "**Charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement**."

4.7 Madison Medical Center and Defendant have absolute knowledge that they are not allowed to bill Plaintiff directly when a State and a Federal Insurance Plan deny the charges for exceeding contracted/legislated fee arrangement, because MEDICAID and TRICARE both strictly prohibit "balance billing".

4.8 Nevertheless, when MEDICAID and TRICARE rejected Madison Medical Center's fraudulent bills, Madison Medical Center doubled down on the fraud and assigned the fraudulent bills to Defendant for collections.

4.9 Defendant then took the fraud one step further by credit reporting not one, but two separate fraudulent medical debts on Plaintiff's credit reports.

4.10 Defendant knows or should know that Ms. Sample does not owe these fraudulent medical debts.

4.11 Defendant also knows or should know that the types of medical bills Defendant collects (balance bills) are ruining too many Americans' financial lives.

4.12 According to the Consumer Financial Protection Bureau, nearly one in five credit reports contain one or more medical debt collection tradelines.[2]

[2] CFPB, Consumer credit reports: A study of medical and non-medical collections at 4 (Dec. 2014), available at https://files.consumerfinance.gov/f/201412_cfpb_reports_consumer-credit-medical-and-non-medical-collections.pdf.



Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

4.13 Even relatively small medical bills can have devastating consequences for consumers who often have difficulty tracking down who they allegedly owe for what medical care, especially after the bills are assigned to a collection agency.

4.14 Surprise Medical Bills are so pervasive that Congress was forced to include protections against surprise medical billing in the OMNIBUS SPENDING ACT in 2020. *See* H.R. 133, Consolidated Appropriations Act, 2021, 116th Congress (2019-2020).

4.15 The largest Physicians Group in the nation was the subject of a class action lawsuit involving surprise medical debts and balance billing, claims eerily similar to this case. *See Sia Fraser et al. v. Team Health Holdings, Inc*., U.S. Dist. Court for the Northern District of California, Civil Cause No. 3:20-cv-04600.

4.16 Balance billing and surprise medical debts are a common complaint.[3]

4.17 Defendant's collection actions are abusive, unfair, misleading, deceptive, and unconscionable, particularly when committed against an honorable servicemember.

4.18 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions injured and damaged Plaintiff's character, reputation, career, and other important protected rights and privileges.

4.19 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions intruded upon Plaintiff's seclusion and published her in a false light.

---

[3] *See* "**The Nonprofit Hospital That Makes Millions, Owns a Collection Agency and Relentlessly Sues the Poor**" Pro Publica article at https://www.propublica.org/article/methodist-le-bonheur-healthcare-sues-poor-medical-debt.


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

4.20 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions caused Plaintiff embarrassment, humiliation, anxiety, frustration, loss of sleep, and other emotional distress.

4.21 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions are the direct and proximate cause of Plaintiff's damages and injuries.

4.22 Defendant knowingly engaged in the abusive, unfair, misleading, deceptive, and unconscionable collection actions that directly and proximately caused Plaintiff's injuries and damages.

## V. FIRST CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

5.1 Plaintiff re-alleges paragraphs I. through IV., inclusive as though fully set forth herein.

5.2 Pursuant to the Fair Debt Collection Practices Act (hereinafter "FDCPA"), a "consumer" means "any natural person obligated or allegedly obligated to pay any debt." *See* 15 U.S.C. § 1692a(3).

5.3 Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *See* 15 U.S.C. § 1692a(5).

5.4 Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of



Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6).

5.5 Defendant is a "debt collector" as defined by the FDCPA, and Defendant attempted to collect a "consumer debt" from Plaintiff, who is a "consumer."

5.6 The FDCPA applies in this case because the Plaintiff is a "consumer," the debt at the heart of this case is a consumer "debt," which arose from transactions involving services that were primarily for personal, family, or household purposes, and the Defendant is a "debt collector" which attempted to collect a defaulted debt originally owed to a third party, and the principal purpose of Defendant's business is the collection of defaulted debts originally owed to a third parties.

5.7 The FDCPA states in pertinent part that debt collectors cannot:

A. "…engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

B. Falsely represent "…the character, amount, or legal status of a debt…." 15 U.S.C. § 1692e(2).

C. Communicate or threaten "**to communicate to any person credit information which is known or which should be known to be false**..." 15 U.S.C. § 1692e(8) (Emphasis added).

D. Use "…any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

E. Use "…unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

F. Collect or attempt to collect any amount "…unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

5.8 In this case, as described in specific detail at § **IV. FACTS** *supra.*, Defendant violated all the above-referenced provisions of the FDCPA.

5.9 Defendant had absolute knowledge that Plaintiff did not owe the alleged medical debts when Defendant parked the invalid and erroneous accounts on Plaintiff's credit reports.

5.10 Defendant's collection actions are abusive, unfair, misleading, deceptive, and unconscionable when committed against an honorable servicemember.

5.11 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions injured and damaged Plaintiff's character, reputation, career, and other important protected rights and privileges.

5.12 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions intruded upon Plaintiff's seclusion and published her in a false light.

5.13 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions caused Plaintiff embarrassment, humiliation, anxiety, frustration, loss of sleep, and other emotional distress.

5.14 Defendant's abusive, unfair, misleading, deceptive, and unconscionable collection actions are the direct and proximate cause of all Plaintiff's damages and injuries.

5.15 Defendant knowingly engaged in the abusive, unfair, misleading, deceptive, and unconscionable collection actions that directly and proximately caused Plaintiff's injuries and damages.


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendant as follows:

A. For Actual and Compensatory damages, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692 et seq.;

B. For Garden Variety Emotional Distress damages, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692 et seq.;

C. For Statutory damages, in the amount of $1,000.00, pursuant to 15 U.S.C. § 1692 et seq.;

D. For Costs and Reasonable Attorney Fees, in an amount to be proven by the Court following a Jury Trial, pursuant to 15 U.S.C. § 1692 et seq.;

E. For interest on the above amounts as authorized by law;

F. For other relief as the Court deems just and equitable; and

G. For leave to amend this complaint as needed and as required, including leave to seek Fed. R. Civ. P. 23 status, if information becomes available through discovery supporting numerocity, commonality, and the need for class action status, pursuant to Fed. R. Civ. P. 15 and Fed. R. Civ. P. 23.

//

//

//

//


Robert Mitchell, Attorney at Law
1020 N. Washington
Spokane, WA 99201
(509) 327-2224 Fax (888) 840-6003

## VII. REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

DATED this 10th day of June, 2026.

Respectfully submitted,

s//*Robert W. Mitchell*

ROBERT W. MITCHELL
Robert W. Mitchell, Attorney at Law, PLLC
Washington Bar No. 37444
Arkansas Bar No. 2022111
1020 N. Washington Street
Spokane, WA 99201

Robert W. Mitchell, Attorney at Law, PLLC
361 Southwest Drive
No. 169
Jonesboro, AR 72401
(509) 327-2224
(870) 206-1168

*Attorney for Plaintiff, Allysa Sample*